Argued July 28, revised August 3, 1971

COOK, *Petitioner, v.*
MYERS, ET AL, *Defendants.*

487 P2d 884

*Vern Cook,* Portland, argued the cause and filed a brief pro se.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for defendants. With him on the brief were Lee Johnson, Attorney General, and James W. Durham, Jr., Deputy Attorney General.

Before McALLISTER, Presiding Justice, and HOLMAN, TONGUE, HOWELL, and FOLEY, Justices.

McALLISTER, J.

The 1971 Legislature enacted House Bill 1054① permitting consolidation of a city of over 300,000 population with the county in which more than one-half of the city's population resides. On July 2, 1971, a petition was filed with the Secretary of State to refer that measure to a vote of the people of the state.

Pursuant to ORS 254.060 the Secretary of State transmitted a copy of the petition to the Attorney General, who thereupon prepared and returned to the Secretary of State a ballot title for the measure. ORS 254.070 specifies that the "ballot title shall consist of a caption not exceeding six words in length by which the measure is commonly referred to or spoken of, followed by an abbreviated statement not exceeding 75 words in length of the chief purpose of the measure."

The petitioner Cook, being dissatisfied with the ballot title prepared by the Attorney General, petitioned this court praying for a different title and setting forth the reasons why he considered the title filed by the Attorney General inadequate.

On July 14, 1971, after the petition for review had been filed in this court, the Attorney General filed with the Secretary of State a revised ballot title. Petitioner questions the right of the Attorney General to file a revised ballot title, but we need not decide that question. The filing of the revised title is a concession by the Attorney General that his original title was defective.

---

① Oregon Laws 1971, Chapter 731.

Neither title filed by the Attorney General is satisfactory to the petitioner. He objects primarily to the revised title because it states both in the caption and in the statement that the act applies to Portland and Multnomah county. Petitioner also objects to the sentence dealing with the election by other cities in the county to join in the consolidation.

The Constitution in Article XI, Section 2a provides that: "In all counties having a city therein containing over 300,000 inhabitants, the county and city government thereof may be consolidated in such manner as may be provided by law with one set of officers." We know, as do other Oregonians, that at present Portland and Multnomah county are the only city and county that meet the population requirement of the above constitutional provision. Nevertheless, we think the ballot title should express the limitation on the right to consolidate in the language of the Constitution. For nearly a century counties and cities have been classified according to population for state legislative purposes and Oregonians will not be confused by a similar classification in this measure. See *So. Pacific Co. v. Con. Freightways,* 203 Or 657, 281 P2d 693 (1955). We also find that the title as it deals with the election of other cities to join in the consolidation contains an ambiguity.

Since the Attorney General's title needs revision, we have prepared and certify to the Secretary of State a ballot title for the measure reading as follows:

### ACT ENABLING CITY-COUNTY CONSOLIDATION

PURPOSE: Permits consolidation of city over 300,000 with county in which more than half of city's population resides. Prescribes procedure for

initiating consolidation, including appointment, operation, and financing of commission to draft proposed city-county charter. Consolidation requires charter approval by majority vote in both county and its most populous city. At consolidation election other cities elect whether to join consolidation. Prescribes consolidation effect on property rights, tax base, revenue sharing, and employees. Extinguishes special districts.

The ballot title is certified as stated above.